## In the United States District Court
## For The Northern District of Texas
## Dallas Division

| | | |
|---|---|---|
| Shana Chatman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 19-CV-375-K-BK |
| | § | |
| Guild Mortgage Co., | § | |
| | § | |
| Defendant. | § | |

## Findings Conclusions and Recommendation
## Of The United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management.  Now before the Court is Defendant's *Motion to Dismiss*.  Doc. 3.  For the reasons that follow, it is recommended that Defendant's motion be **GRANTED**.

### A.  Procedural History

In February 2019, Plaintiff filed this action through counsel in state court, seeking to avoid foreclosure on her residence (the "Property").  Doc. 1-2 at 5.  She alleges that in October 2013, she executed a promissory note (the "Note") with Defendant to finance the purchase of the Property, which was secured by a deed of trust ("DOT").  Doc. 1-2 at 6.  Plaintiff claims that in 2017, Defendant agreed to review her application for a loan modification plan (the "Application"), but that she never received written notice of the receipt or denial of the Application and, instead, was informed via a phone call.  Doc. 1-2 at 6-8.  Plaintiff further asserts that she appealed the denial of her Application (the "Appeal") and did not receive written notification of Defendant's decision.  Doc. 1-2 at 7.

Plaintiff raises two interrelated claims against Defendant: (1) breach of the DOT based on Defendant's alleged failure to provide her with the notice required under the Real Estate Settlement Procedures Act ("RESPA"), which deprived her of the right to reinstate the loan under the terms of the DOT, Doc. 1-2 at 8-9; and (2) violation of certain provisions of RESPA, due to Defendant's failure to notify her in writing about her loss mitigation status and options or the outcome of the Application and Appeal, Doc. 1-2 at 7-8. She seeks monetary damages, a temporary injunction, and attorneys' fees and costs. Doc. 1-2 at 11. Defendants removed the action to this Court, Doc. 1, and filed the instant *Motion to Dismiss*, Doc. 3.

## B. Applicable Law

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Id.* at 572. To overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are (1) attached to the motion to dismiss, (2) referenced in the complaint, and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record

without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

## C. Parties' Arguments and Analysis

### 1. *RESPA Claim*

In relevant part, Defendant argues that Plaintiff's RESPA claim fails because RESPA requires only that a party seeking a loan modification be given the required statutory notices of appeal, which Defendant provided by mailing the notices to Plaintiff via first class email. Doc. 4 at 6-7. Thus, Defendant reasons that Plaintiff's allegation that she did not *receive* the notices is not a RESPA violation. Doc. 4 at 7. Moreover, Defendant contends that this claim fails because Plaintiff did not and cannot allege that she suffered damages as a result of any alleged violation of RESPA. Doc. 4 at 6-8. Plaintiff responds that Defendant violated RESPA because she never received the written statutory-required notices regarding her Application. Doc. 13 at 5-6.

The Court disagrees with Plaintiff's assertion. RESPA requires only that the statutory notices be given, not that they be in writing and actually received by her. *See* 12 C.F.R. § 1024.41(b)(2)(B),(c)(1)(ii)&(d). Furthermore, paragraph 13 of the DOT provides that "[a]ny notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail . . . . Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph." Doc. 4-1 at 6. Plaintiff has not alleged that Defendant failed to deliver or mail the notices to her via first class mail and thus has not stated a viable RESPA claim.

3

Additionally, Plaintiff cannot demonstrate that she suffered any damages as a result of Defendant's alleged RESPA violations. The RESPA allows recovery of "any actual damages to the borrower as a result of the failure" to comply with its provisions. 12 U.S.C. § 2605(f)(1)(A). Plaintiff fails to plead that she suffered any damages as a result of her alleged failure to receive written RESPA notices from Defendant. Therefore, this claim should be dismissed with prejudice. *See Hurd v. BAC Home Loans Serv., LP*, 880 F. Supp. 2d 747, 768-69 (N.D. Tex. 2012) (dismissing RESPA claim with prejudice where the plaintiff failed to specify any facts giving rise to a reasonable inference that she suffered actual damages as a result of an alleged RESPA violation).

### 2. *Breach of the DOT*

Defendant next asserts, *inter alia*, that Plaintiff's claim for breach of the DOT should be dismissed because she did not and, indeed, cannot allege that she performed or tendered performance under the terms of the DOT. Doc. 4 at 9. Plaintiff responds that, by not giving her notice that the Application had been denied, Defendant breached the DOT and thus deprived her of the opportunity to reinstate her loan. Doc. 13 at 2, 4-5.

But this is not sufficient to state a breach of contract claim because, as Defendant correctly contends, Plaintiff does not allege that she complied with the terms of the DOT by timely making her mortgage payments as would be required for her to state a viable claim for breach of contract. *See Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014) (noting that one of the elements of a claim for breach of contract is performance or tender of performance by plaintiff). Indeed, implicit in Plaintiff's pleadings is the admission that she failed to make mortgage payments as required. A party who has breached a loan agreement by failing to make mortgage payments has no plausible claim for breach of contract.

4

*Prather v. CitiMortgage, Inc.*, No. 4:18-CV-668-A, 2019 WL 131853, at *3 (N.D. Tex. Jan. 8, 2019) (McBryde, J.) (citing cases). As such, Plaintiff's breach of contract claim should be dismissed with prejudice.

### 3. Injunctive Relief

Defendant asserts that Plaintiff cannot succeed on her request for injunctive relief because it is not supported by a viable cause of action. Doc. 4 at 12. Plaintiff responds that she has raised viable claims and, should the Court decide otherwise, she should be given leave to amend her complaint. Doc. 13 at 7.

To prevail on a claim for injunctive relief in federal court, a plaintiff must show, among other things, "a substantial likelihood of success on the merits." *DSC Comm. Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). For the reasons stated *infra*, Plaintiff has not stated any potentially viable claims for relief. Because no justiciable controversy remains between the parties, Plaintiff cannot succeed on the merits of any of her claims and is thus not entitled to injunctive relief. *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 864-65 (N.D. Tex. 2013), *aff'd*, 562 Fed. Appx. 238 (5th Cir. 2014).

## D. Leave to Amend

A court may dismiss a claim that fails to meet the pleading requirements but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). Plaintiff has not previously been granted leave to amend her complaint and requests to do so in response to Defendant's dismissal motion. Doc. 13 at 7. Nevertheless, the Court has determined that Plaintiff's claims should be dismissed with prejudice because the flaws in her complaint are not curable—in other words, the facts she

has alleged preclude a viable claim for either of the causes of actions she asserts. Thus, granting leave to amend would be futile and cause unnecessary delay. As such, the Court should deny Plaintiff's request for leave to amend her complaint.

**E. Conclusion**

For the foregoing reasons, *Defendant's Motion to Dismiss*, Doc. 3, should be **GRANTED** and that this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on August 19, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).